UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| VALICOFF FRUIT CO., INC., a Washington corporation, | ) ) ) | NO.  CV-13-3057-LRS |
| Plaintiff, | ) ) ) | ORDER RE DEFENDANT'S MOTION FOR PROTECTIVE ORDER |
| -vs- | ) ) | |
| TUFF AUTOMATION, INC., a Michigan corporation, | ) ) ) | |
| Defendant. | ) ) | |

**BEFORE THE COURT** is Defendant Tuff Automation Inc.'s Motion For Protective Order (ECF No. 17).  This motion was heard with oral argument on November 26, 2014.

**I.  BACKGROUND**

Plaintiff is a Washington corporation involved in, among other things, the business of storing fresh fruit for ultimate sale to domestic and/or foreign markets.  Defendant is a Michigan corporation involved, in the design, manufacture,

ORDER - 1

sale and installation of equipment used to create and maintain "controlled atmosphere" (or "CA") regimes in warehouses for the purpose of prolonging the storage life of fresh fruit. This action was filed on May 29, 2013. (ECF No. 1). Plaintiff's suit arises out of Plaintiff's purchase from Defendant of CA equipment and controllers for installation into existing fruit storage rooms owned by Plaintiff in Yakima County. The purchase, manufacture and installation of such equipment and controllers occurred in 2011.

Certain operational problems with two nitrogen generators developed in early 2012 resulting in their replacement by Defendant in the spring of 2012. However, ongoing disputes between the parties relating to the operation and maintenance of the equipment continued into 2013. Plaintiff eventually removed Defendant's equipment and replaced it with similar equipment manufactured by Storage Control Systems, Inc. ("SCS, Inc."), a competitor of Defendant. SCS, Inc., is also a Michigan corporation. Plaintiff asserts causes of action based upon the following: (1) Breach of UCC Contract; (2) Breach of Express Warranty; (3) Breach of Implied Warranty of Merchantability; (4) Breach of Implied Warranty of Fitness for

a Particular Purpose; (5) Negligence and/or Negligent Misrepresentation; and (6) Violation of the Consumer Protection Act (RCW 19.86).

Defendant seeks a protective order pursuant to FRCP 26(b)(2)(C)(iii) and FRCP 26(c)(1)(G) relieving it from producing information related to the design and functioning of controlled atmosphere ("CA") equipment it manufactured and installed at Plaintiff's facility in Yakima County, Washington. Defendant believes that such information, including documents and other related materials, represent confidential trade secrets which should not be discoverable for the reason that they do not relate to the claims asserted by Plaintiff against Defendant. According to Defendant, disclosure of such information, even if subject to a confidentiality agreement, will materially harm Defendant because Plaintiff's expert witness and at least one fact witness are direct competitors of Defendant.

Plaintiff Valicoff Fruit Co., Inc. opposes the motion in part, and has advised that the only documents subject to any current disagreement are the Build Drawing and the Electrical

Schematic (hereinafter, the "disputed requested documents").[1] The parties indicate that a protective order was proposed and circulated, but apparently never signed or completed.

## II. DISCUSSION

### A. Disclosure of Trade Secrets to Competitor is Harmful

Defendant argues it has established that the information in the disputed documents contain trade secrets and that disclosure will be harmful to its legitimate business interests. Defendant further explains, citing *In re Worlds of Wonder Securities Litigation*, 147 F.R.D. 214, 216 (N.D. Cal. 1992), that the burden shifts thereafter requiring the party seeking discovery to establish that disclosure of the trade secrets is relevant and necessary to the action. Defendant asserts that the information found in the disputed requested documents is neither relevant nor necessary to Plaintiff's action against Defendant. Defendant asserts that Plaintiff does not allege negligent design in its complaint and the only "negligence" allegations relate to installation at the

---

[1] Defendant has conceded that the Assembly Drawing can be disclosed provided a proper protective order is in place. Furthermore, Plaintiff has indicated that disclosure of the PC Program and PLC Program is not necessary at this time.

ORDER - 4

Valicoff facility and misrepresentation regarding the capacity and capabilities of Defendant's equipment and system.

**B.   Disclosure Of Sensitive Information And Need For Protective Order**

Plaintiff argues that Defendant seeks a broad protective order which would not just limit, but prohibit Valicoff's access to information that is necessary to determining a key fact issue in this case: whether or not certain CA equipment, manufactured and sold by Tuff, conformed to the contract between Tuff and Valicoff.

Plaintiff, relying on *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 107 F.R.D. 288 (D.Del.1985), asserts that federal courts routinely require the disclosure of confidential information and trade secrets when the information is necessary for a plaintiff to prove an element of its claim. Defendant states that the *Coca-Cola* case is inapposite as it dealt with disclosure to a party who was not in competition with the holder of the trade secret.

Plaintiff asserts that once the party seeking the information has established relevance and necessity, such "..... discovery is virtually always ordered." *Compaq Computer*

ORDER - 5

*Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 338 (N.D.Cal.1995) (*citing Coca-Cola Bottling Co. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D.Del.1985)).

Finally, Plaintiff indicates that the parties have already circulated an appropriate stipulated protective order which, if approved, would adequately protect the Defendant's information, and the disclosure of the information within the outlines of the protective order will not lead to the dire consequences the Defendant portends. For these reasons, Plaintiff urges the Court to deny Tuff's motion for a protective order.

### III.    Conclusion

The Court has carefully considered the written and oral arguments presented by the parties. The information and documents sought by Plaintiff are commercially sensitive but Plaintiff has demonstrated sufficient need for such information in determining whether the CA equipment provided conformed to the contract. Tuff argues that the expert witness disclosure deadline has passed so Valicoff will not be able to retain an expert to review such commercially sensitive information at this juncture. However, Valicoff has alluded

ORDER - 6

to the fact that it will seek to extend that deadline based on its inability to review the withheld information.

Unfortunately at this time, the Court has no way of knowing whether the information sought by Plaintiff will have ultimate relevance or otherwise be admissible at trial. What may be a "design defect" in the eyes of one party may also be the reason(s) the product in issue does not conform to the contract which is in dispute. From the limited information presently available, it appears that the disputed requested documents may relate to the understanding of how the equipment in question functions thereby leading to evidence falling within the ambit of FRCP 26. Expert testimony, without review of this information, could arguably be based on mere surmise and pure speculation.

The Court finds that the disputed requested documents may be reviewed by the Plaintiff's expert in the office of defense counsel or at such other location as mutually agreed by the parties or ordered by the Court but shall not be subject to being copied in any format, photocopied or otherwise disseminated. All remaining documents which may contain alleged trade secrets or other confidential information shall

be protected by a protective order negotiated in good faith between the parties or as ordered by the Court in the event agreement is not possible. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion For Protective Order, **ECF No. 17,** is **GRANTED** in part, subject to disclosure of the disputed requested documents as set forth above. Remaining items for which confidentiality is asserted shall be covered by a mutually acceptable protective order which shall be filed and served no later than **December 22, 2014.**

2. If the parties are unable to mutually agree on a protective order, then the parties shall file separate protective orders for the Court's review and adoption no later than **December 22, 2014.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 12th day of December, 2014.

*s/Lonny R. Suko*

---
LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8