*Attorneys for Defendant*                                          The Hon. Lonny R. Suko, Judge

James S. Berg (WSBA #7812)
LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA  98907
Phone:  (509) 457-1515
Fax:  (509) 249-0619
Email:  jsberg@lbplaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALICOFF FRUIT CO., INC., a Washington corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>TUFF AUTOMATION, INC., a Michigan corporation,<br><br>                    Defendant. | NO. CV-13-3057-LRS<br><br>**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY** |

### I. STIPULATION

Plaintiff Valicoff Fruit Co., Inc. ("Plaintiff") and defendant Tuff Automation, Inc. ("Defendant"), the parties to this action (collectively, "the parties"), through their respective counsel, hereby stipulate to the entry of the following Protective Order to ensure the confidentiality of proprietary business information, personnel information and other information of a sensitive and/or private nature that has been or may be requested in discovery.

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 1**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA  98907
(509) 457-1515
(509) 249-0619 (fax)

AGREED this 19th day of December, 2014.

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| By:   s/ James S. Elliott         | By:   s/ James S. Berg        |
| James S. Elliott  (WSBA #28420) | James S. Berg (WSBA #7812) |
| HALVERSON NORTHWEST | LARSON BERG & PERKINS PLLC |
| 405 E. Lincoln Ave. | 105 North 3rd Street |
| P.O. Box 22550 | P.O. Box 550 |
| Yakima, WA 98907 | Yakima, WA 98907 |
| Phone: (509) 248-6030 | Phone: (509) 457-1515 |
| jelliott@halversonNW.com | jsberg@lbplaw.com |

## II. PROTECTIVE ORDER

It is hereby agreed to by the parties in the above-referenced matter that the following provisions shall apply to documents and materials produced in discovery during this action until this Protective Order is superseded. As used herein, "disclosing party" shall refer to the parties to this action or to third parties who give testimony or produce documents and information. Paragraphs 1 through 19 herein apply, as the case may be, to all confidential documents defined herein, provided, however, that Special Rules apply to documents identified in *Defendant's Motion for Protective Order* [ECF No. 17] as **PC Program**, **Programmable Logic Control (PCL Program), Build Drawings** (for Nitrogen Generators and Carbon Dioxide Scrubbers) and **Electrical Schematics**.  Those Special Rules, which are based upon the *Order Re Defendant's motion for Protective Order* [ECF No. 31], are set forth in Paragraph 20 herein.

1. "Attorneys' Eyes Only" material shall consist of information that the disclosing party and its counsel believe in good faith contains proprietary information (in document form or otherwise), including but not limited to

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 2**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA  98907
(509) 457-1515
(509) 249-0619 (fax)

material constituting or concerning trade secrets or other confidential contracts, agreements, negotiations, research, design, development, or commercial information that the disclosing party reasonably believes is of such a nature and character that unlimited disclosure of such information to the receiving party will be harmful to the disclosing party or to its business or will provide the receiving party a competitive advantage over the disclosing party. The parties agree that this designation shall be used sparingly and only for the purpose of protecting truly proprietary information.

2. "Confidential" material shall be limited to other non-public, proprietary information that the disclosing party and its counsel reasonably believe is sensitive, but not so sensitive as to require protection under Paragraph 1 above, whether embodied in physical objects, documents, or the factual knowledge of persons.

3. This Agreement shall apply to all Attorneys' Eyes Only or Confidential material in all answers, responses, documents, or deposition testimony as well as in pleadings, discovery materials and papers, briefs, summaries, notes, abstracts, or other documents which comprise, embody, summarize, discuss, or quote from any such responses, documents, or deposition testimony, including memoranda or work product by counsel, their staff, or authorized outside consultants or experts.

4. In designating information as Attorneys' Eyes Only or Confidential, a disclosing party shall make such a designation only as to material which it in good faith believes is confidential or deserving of Attorney's Eyes Only treatment. An Attorneys' Eyes Only or Confidential designation shall be used by the parties to this litigation and designated third

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 3**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)

parties solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

5. In the absence of written permission from the disclosing part or an order of the Court, information designated as Attorneys' Eyes Only material shall be used solely for the purposes of this litigation, and may not be disclosed except to the following persons:

(a) The attorneys working on this action on behalf of any party, and the staff, stenographic and clerical employees and contractors working under the supervision of such counsel;

(b) Any expert or consultant not employed by a party who is employed, retained, or sought to be retained by any attorney described in paragraph 5(a) to assist with preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants shall not be current employees of any party or employed by a party within six (6) months prior to the disclosure of Attorneys' Eyes Only material;

(c) Any person from whom testimony is taken, except that such person shall only be shown copies of Attorneys' Eyes Only material in preparation for or during his/her testimony, and may not retain any such material; and

(d) The Court, jury, court personnel, court reporters, and other persons connected with the Court.

6. In the absence of written permission from the disclosing party, or an order of the Court, information designated as Confidential shall be used solely for the purpose of this litigation, shall not be used for any other

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 4**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA  98907
(509) 457-1515
(509) 249-0619 (fax)

purpose, and may not be disclosed except to the following persons, as set out below:

(a) The attorneys working on this action on behalf of any party, and the staff, stenographic and clerical employees and contractors working under the supervision of such counsel;

(b) Any expert or consultant not employed by a party who is employed, retained, or sought to be retained by any attorney described in paragraph 5(a) to assist with preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants shall not be current employees of any party or employed by a party within six (6) months prior to the disclosure of Confidential material;

(c) A party, or employees or agents of a party who are assisting such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

(d) Any person from whom testimony is taken, except that such person shall only be shown copies of Confidential material in preparation for or during his/her testimony, and may not retain any such material; and

(e) The Court, jury, court personnel, court reporters, and other persons connected with the Court.

7. The persons described in Paragraphs 5(b)-(c) shall have access to Attorneys' Eyes Only material and the persons described in Paragraphs 6(b)-(d) shall have access to Confidential material only after they have been made aware of the provisions of this Agreement and have manifested their assent to be bound thereby by signing a copy of the Acknowledgment attached hereto as Exhibit A. By signing such Acknowledgment, each

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 5**

**LARSON BERG & PERKINS PLLC**
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)

individual who receives any Attorneys' Eyes Only or Confidential material hereby agrees to subject himself/herself to the jurisdiction of the US District Court, Eastern District of Washington State for the purpose of any proceedings relating to the performance under, compliance with or violation of this Agreement.

8. The recipient of any Attorneys' Eyes Only or Confidential material as provided under this Agreement shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its confidential information. Attorneys' Eyes Only and Confidential material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summaries, extractions, and abstractions shall be subject to the terms of this Agreement, and labeled in the same manner as the designated material on which they are based.

9. Disclosing parties shall designate Attorneys' Eyes Only or Confidential material as follows:

(a) In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production: ATTORNEYS' EYES ONLY or CONFIDENTIAL. If a party inadvertently fails to stamp or otherwise designate a document or other information as Attorneys' Eyes Only or Confidential at the time of its production, that party may at any time

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 6**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)

thereafter stamp or otherwise designate in writing the document or other information as Attorneys' Eyes Only or Confidential. Such document or other information shall be treated as Attorneys' Eyes Only or Confidential consistent with its designation beginning at the time of such designation.

(b)  In the case of depositions, designation of the portion of the transcript (including exhibits) which contain Attorneys' Eyes Only or Confidential material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose Attorneys' Eyes Only or Confidential material the deponent has had access. Counsel for either party has fourteen (14) days after counsel's receipt of the transcript to designate in writing with notice to all other parties, and the court reporter, material referenced in or attached to a deposition transcript as Attorneys' Eyes Only or Confidential. During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed Confidential, and shall be handled accordingly by all parties and their counsel, unless during the deposition counsel states that information raised at the deposition is Attorneys' Eyes Only in which case that portion of the deposition identified by counsel shall be treated as Attorneys' Eyes Only for the fourteen-day period.

(c)  Any Attorneys' Eyes Only or Confidential material produced in a non-paper media (e.g., videotape, audiotape, computer disks, etc.) may be designated as such by labeling the outside of such non-paper media, or the e-mail transmitting it, as Attorneys' Eyes Only or Confidential. If a receiving party generates any "hard copy", transcription, or printout from any such designated non-paper media, such party must treat each copy,

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 7**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)

transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

10. A party shall not be obligated to challenge the propriety of an Attorneys' Eyes Only or Confidential designation at the time made, but must do so prior to seeking to use it in violation of this Stipulation. If any party to this litigation disagrees with such designation, such party shall provide to the disclosing or third party written notice of its disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before seven (7) days after the disclosing party or third party is served with said written notice; provided, however, that any challenge to the propriety of a designation by a third party shall be brought in the court from which the subpoena to the third party was issued. The burden of proving that information has been properly designated as Attorneys' Eyes Only or Confidential is on the party making such designation.

11. Any party filing Attorneys' Eyes Only or Confidential material with the Court (whether in pleadings, declarations, exhibits, or otherwise) will first if feasible determine, prior to filing any motion to seal, and in consultation with the designating party, as appropriate, whether the document may be filed in redacted form. If, however, redaction is not feasible based on the nature of the document or the purpose of it being submitted to the Court, either prior to or contemporaneously with filing these documents in a sealed manner, the party relying on the document shall file a motion to seal any Attorneys' Eyes Only or Confidential material, regardless of which

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 8**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)

party has designated the materials as such. Such a motion to seal shall be noted for consideration after filing in accordance with LR 7.1. The party filing the motion to seal shall include an explanation justifying sealing the designated documents. If any documents or information included in the court filing were designated Attorneys' Eyes Only or Confidential by a non-moving party, that party may file a response in support of the motion to seal no later than two (2) judicial days before the hearing date showing why such materials should also be sealed.

12. If the Court denies a motion to seal documents containing Attorneys' Eyes Only or Confidential material, the sealed document will be unsealed unless the court orders otherwise, or unless the party filing such material, after notifying the opposing party within two (2) judicial days of the court's order, files a notice to withdraw the documents.

13. If the filing party withdraws the Attorneys' Eyes Only or Confidential material, the parties shall not refer to the withdrawn materials in any pleadings, motions and other filings, and the Court will not consider it.

14. If any Attorneys' Eyes Only or Confidential material is used in any court proceeding in connection with this litigation, it shall not lose its Attorneys' Eyes Only or Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

15. If Attorneys' Eyes Only or Confidential material is disclosed to any person other than in the manner authorized by this Agreement, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 9**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)

the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

16. Nothing in this Agreement shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as Attorneys' Eyes Only or Confidential to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as Attorneys' Eyes Only or Confidential.

17. (a) When a disclosing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Civil Rule 26(b)(6). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Parties shall confer on an appropriate non-waiver order under Federal Rules of Evidence 502(d). The parties stipulate to the entry of an order regarding the applicability of Federal Rules of Evidence 502(d) to this case.

(b) It is further ordered that pursuant to Federal Rules of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the disclosing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law.

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 10**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)

18.  Within sixty (60) days of the termination of litigation between the parties, all Attorneys' Eyes Only or Confidential material and all copies thereof shall be returned to the party which produced it or shall be destroyed. For Attorneys' Eyes Only or Confidential material saved on backup media in an electronically stored format, this material will be certified to have complied with the sixty (60) day period if the receiving party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, and work product.

19.  This Protective Order may be modified in the event that the parties agree in writing to a modification of the provisions hereof, or such modification is ordered by this Court. Nothing in this order precludes or restricts either party from bringing a motion before this Court seeking to modify this Protective Order.

20.  **Special Rules related to disclosure of Defendant's Trade Secrets**:

(a)  Defendant is not required, at the present time, to produce or otherwise disclose to Plaintiff those trade secrets identified as **PC Program** and **PLC Program**

(b)  Defendant shall allow the **Build Drawings** and the **Electrical Schematic** for the Nitrogen Generators installed at Plaintiff's facility, as well as the **Electrical Schematic** for the CA Controller, to be reviewed by Plaintiff's expert, Mr. Jim Woolridge, in the office of Defendant's counsel, or at such other location as mutually agreed by the parties or ordered by the Court, but that such trade secret information shall not be

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 11**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA  98907
(509) 457-1515
(509) 249-0619 (fax)

copied in any format, photocopied or otherwise disseminated by or to such expert or anyone else.  Before allowing such review, Defendant shall mark each page of said documents as "***Trade Secret – Build Drawing"*** or ***"Trade Secret – Electrical Schematic."***

(c)   Defendant shall allow the **Build Drawings** and the **Electrical Schematic** for the Carbon Dioxide Scrubbers installed at Plaintiff's facility, as well as the **Electrical Schematic** for the CA Controller, to be reviewed by Plaintiff's expert, Mr. Jim Schaefer the office of Defendant's counsel, or at such other location as mutually agreed by the parties (which can be at Tuff Automation in Michigan)  or ordered by the Court, but that such trade secret information shall not be copied in any format, photocopied or otherwise disseminated by or to said expert or anyone else.  Before allowing such review, Defendant shall mark each page of said documents as "***Trade Secret – Build Drawing"*** or ***"Trade Secret – Electrical Schematic;"*** and

(d)   Notwithstanding any other provision in this Paragraph 20, Defendant's counsel shall, no later than January 6, 2015, provide a photocopy of the subject **Build Drawings** (for both the nitrogen generators and carbon dioxide scrubbers) and **Electrical Schematics** to Plaintiff's counsel for the exclusive use of deposing and conducting cross examination at trial of Defendant's representatives.  These documents may not be used by Plaintiff's counsel for any other purpose whatsoever, and may not be disclosed to anyone else.  At the conclusion of this litigation, all **Build Drawings** and **Electrical Schematics** in the possession of Plaintiff's counsel shall, within ten (10) days, be returned to Defendant's counsel.

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 12**

LARSON BERG & PERKINS PLLC
105 North 3rd Street
P.O. Box 550
Yakima, WA  98907
(509) 457-1515
(509) 249-0619 (fax)

Dated this 24th day of December, 2014.

*s/Lonny R. Suko*

THE HONORABLE LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

Presented by

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| By /s James. S. Elliott | By s/ James S. Berg |
| James S. Elliott (WSBA #28420) | James S. Berg (WSBA #7812) |
| HALVERSON NORTHWEST | LARSON BERG & PERKINS PLLC |
| 405 E. Lincoln Ave. | 105 North 3rd St. |
| P.O. Box 22550 | P.O. Box 550 |
| Yakima, WA 98907 | Yakima, WA 98907 |
| Phone: (509) 248-6030 | Phone: (509) 457-1515 |
| jelliott@halversonNW.com | jsberg@lbplaw.com |

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF DOCUMENTS PRODUCED IN DISCOVERY - 13**

**LARSON BERG & PERKINS PLLC**
105 North 3rd Street
P.O. Box 550
Yakima, WA 98907
(509) 457-1515
(509) 249-0619 (fax)