UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALICOFF FRUIT CO., INC., a Washington corporation,<br><br>        Plaintiff,<br><br>  -vs-<br><br>TUFF AUTOMATION, INC., a Michigan corporation,<br><br>        Defendant. | NO. CV-13-3057-LRS<br><br>ORDER RE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 36) AND PLAINTIFF'S MOTION TO STRIKE (ECF. No. 50) |

**BEFORE THE COURT** is Defendant Tuff Automation Inc.'s Motion For Partial Summary Judgment (ECF No. 36) and Plaintiff Valicoff Fruit Co.'s Motion to Strike Deposition Testimony (ECF No. 50). Oral argument was held on April 14, 2015 in Yakima, Washington. The Court denied both motions. This order is entered to memorialize and supplement the oral rulings of the court.

/ / /

ORDER - 1

**I. Defendant's Motion (ECF No. 36)**

Defendant seeks dismissal of Plaintiff's "revocation theory." Defendant argues that the evidence is sufficiently clear that the Court can find as a matter of law that such theory is untenable. The parties recount different versions of the alleged revocation and the condition of the goods at issue in this matter. The Court briefly addresses the arguments underlying its ruling.

**A.  Goods Were Not "Nonconforming"**

Defendant argues that the subject goods, controlled atmosphere ("CA") equipment, adequately performed their intended function at all times. Defendant asserts that the CA environment was never interrupted and no fruit loss occurred. Plaintiff, however, adamantly opposes such contention. Plaintiff argues that whether or not a non-conformity existed, substantially impairing the value of the goods, cannot be determined without first sorting out what the contract required of the parties. Additionally, Plaintiff argues that all three parts comprising the subject system allegedly had problems. The Court finds that genuine issues of material fact exist precluding summary judgment as to whether the CA

ORDER - 2

equipment was in non-conformity and if so, whether such non-conformity substantially impaired the equipment's value to Plaintiff. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**B.   Plaintiff Created Its Alleged Equipment Problems**

Defendant argues that Plaintiff allegedly made numerous mistakes during installation of the system (which it contractually agreed to perform), failed to conduct necessary maintenance, and misused the system as a result. Further, Defendant denies that it made any warranty(s) or that the Plaintiff sought any.  Plaintiff disagrees and states that a warranty existed for training, support and start-up. Plaintiff denies that it caused the alleged problems with the system. The court finds these are additional issues of material fact precluding summary judgment.

**C.   Revocation Did Not Occur Within a Reasonable Time**

Defendant argues that 16 months elapsed before Plaintiff communicated its decision to revoke. Therefore, the purported revocation did not occur within a reasonable time after the Plaintiff discovered or should have discovered the ground for revocation after initial acceptance at delivery. To date,

ORDER - 3

Plaintiff allegedly refuses to let Defendant reclaim the equipment without paying damages, which Defendant argues is inconsistent with revocation.

Plaintiff states that it is a material fact whether 16 months is an unacceptable delay for revocation under the totality of circumstances specific to this case. The Court agrees that whether Plaintiff's revocation notice was brought within a reasonable time is a question of material fact which renders partial summary judgment inappropriate.

**D.  Plaintiff Breached Its Obligation of "Good Faith"**

Finally, Defendant asserts that Plaintiff breached its obligation of good faith. More specifically, Defendant argues that when Plaintiff requested service work from Defendant, after contracting to buy substitute parts from one of Defendant's competitors, this amounted to an absence of good faith.

Plaintiff responds that whether or not it breached a duty of good faith requires a determination of what Plaintiff's duties were according to the contract. The contents of the contract are disputed.

///

ORDER - 4

The Court finds this is an additional issue of material fact that precludes summary judgment.

**II. Plaintiff's Motion to Strike**

Plaintiff argues that the deposition testimony submitted in Defendant's Reply in support of its Motion for Partial Summary includes six pages of handwritten changes which contradict the previous testimony Mr. Theile provided under oath.

Defendant responds that the motion to strike should be denied because clarifications that were made are neither surprising nor inappropriate, given the fact that the questions were phrased confusingly causing Mr. Theile to have to think about it more clearly.  Additionally, Defendant states no tactical advantage occurred and none was attempted.

The Court denies the motion to strike as it did not rely on the changes to the deposition for purposes of the motion for partial summary judgment.

**III.    Conclusion**

The Court has carefully considered the written and oral arguments presented by the parties.  For the reasons stated on

///

ORDER - 5

the record, and supplemented herein, the Court enters this order. Accordingly,

**IT IS ORDERED:**

1.  Defendant's Motion For Partial Summary Judgment, **ECF No. 36,** is **DENIED.**

2. Plaintiff'S Motion to Strike, **ECF No. 50,** is **DENIED** as **MOOT.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 20th day of April, 2015.

*s/Lonny R. Suko*

---

LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE